IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAZARO QUINONES-CEDENO,**

    **Plaintiff,**

v.                                                                                  Civil Action No. 1:20cv48
                                                                          (Judge Kleeh)

**W. HEALEY, Foreman Cook; J. HANDLIN,
Foreman Cook; T. THORNE, Foreman
Cook; and R. RECKARD, Compound Officer,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On March 18, 2020, the Plaintiff, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, initiated this action against the above-named defendants by filing the instant Bivens[1] civil rights complaint. ECF No. 1. With his complaint, Plaintiff filed a motion to proceed as a pauper and supporting documents. ECF Nos. 2, 3, 4. The Clerk of Court issued a Notice of Deficient Pleading, directing Plaintiff to file a copy of the Ledger Sheets to his Prisoner Trust Account. ECF No. 5. On March 19, 2020, Plaintiff filed a Declaration. ECF No. 7. On March 26, 2020, Plaintiff filed an Objection to Order Dismissing Case and a copy of his Ledger Sheets. ECF Nos. 8, 10. On April 28, 2020, Plaintiff filed another Declaration. ECF No. 12. By Order entered May 5, 2020, Plaintiff was granted permission to proceed as a pauper and the initial partial filing fee was waived, although he was assessed the full fee. ECF No. 13. On October 16, 2020, Plaintiff filed a Motion for Default Judgment Pursuant to Civil Rules of Procedures. (55) [sic]. ECF No.

---

[1] Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).

15. By Order entered October 23, 2020, Plaintiff's Motion for Entry of Default and/or Default Judgment was denied. ECF No. 16.

Accordingly, this case is before the undersigned for review and report and recommendation, pursuant to LR PL P 2.

## II. The Plaintiff's Contentions

In his complaint, very liberally construed, and filed without a memorandum in support, the Plaintiff impliedly alleges a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, arising out of his improper termination, possibly on or about November 13, 2019[2] from a Food Service job at FCI Hazelton, in an attempt to discredit Plaintiff, for the purpose of getting Foreman Cooks W. Healey and J. Handlin removed from their positions. ECF No. 1 at 10. Plaintiff suggests that his firing was also due to racial discrimination against him. Id. Plaintiff also raises claims of First Amendment violations against T. Thorne and R. Reckard for their retaliation against Plaintiff for filing grievances and complaints regarding unspecified staff misconduct. Id. at 11.

Plaintiff contends that there is no prisoner grievance procedure at FCI Hazelton and further states that he did not file any grievances regarding the claims raised in this complaint. Id. at 4 – 5.

Plaintiff alleges that as a result of these violations, he suffered loss of income; mental/emotional distress, aggravation, annoyance, and inconvenience; loss of his ability to obtain a good job; and subsequent loss of programming credit for having a full time job, causing him unreasonable hardship and loss of peaceful living. Further, he contends he is now at a higher risk of heart damage due to distress. Id. at 12. As relief, he requests that he be reimbursed for all his time without a job and to be hired "in any kind of job." Id. Further, he requests that this case

---

[2] Plaintiff's pleadings are rather unclear.

"should run concurrent with Civil Case No. 1:19cv64, pending in U.S. District Court of West Virginia, Bluefiel[d] Division [sic]."[3] Id.

Plaintiff has attached several exhibits to his complaint: copies of grievances and an Incident Report, all filed in 2018 while he was at FCI McDowell or FCI Williamsburg, regarding due process issues associated with an incident (not at issue in these proceedings) that occurred at FCI Williamsburg when he was charged with and pled guilty to a BOP Code 307, "Refuse Order." ECF No. 1-1; a copy of a December 21, 2019 letter purportedly written by Plaintiff to the Office of Inspector General, discussing his being fired from his kitchen job, mirroring the language in Plaintiff's complaint [ECF No. 1-2 at 2]; a copy of a November 5, 2019 letter to Kathleen Hawk, Director of the Bureau of Prisons, touting the good qualities of W. Healey and D. Handlin, and expressing Plaintiff's gratitude for their assistance in helping him obtain his job in the kitchen [id. at 3]; and a two-page nuclear medicine report of a Cardiolite Stress Test performed on patient "HAZ, LQC 06288000," noting a "small mid inferior septal defect . . . [that] appears to be reversible with normal left ventricular systolic function consistent with a low risk positive scan." Id. at 4 – 5.

The first of Plaintiff's two Declarations, filed after his complaint, generally discusses unspecified BOP staff and officials acting out of fear because of their wrongdoings in harassing and retaliating against inmates, and briefly mentions Fifth Amendment Due Process rights; it does not name any particular staff person or allege that Plaintiff has been subjected to the same. ECF

---

[3] Plaintiff is referring to a Bivens action he filed on January 25, 2019 in the Southern District of West Virginia as Civil Action No. 1:19cv64 against a number of defendants, none of whom are named defendants in this action. That case was originally dismissed on September 25, 2019. However, the dismissal order was vacated on January 17, 2020, and the case reopened, to address a number of filings, including a "letter form notice," and later, three "Declarations," filed on November 6, 2019 and January 2, 2020 respectively [See S.D. W.Va. Case No. 1:19cv64, ECF Nos. 58, 59, 60, 61] filed by Plaintiff in the closed case, that were ultimately construed as attempts to initiate four new Bivens actions, including this one. See S.D. W.Va. Case No. 1:19cv64, ECF No. 62. The case was finally dismissed on June 8, 2020.

No. 7. Plaintiff's second Declaration expresses gratitude to M.D. Carvajal, the BOP's Director, for keeping inmates safe during the pandemic, again contends that Plaintiff still has Case No. 1:19cv64 pending in the S.D. of W.Va., and states that he has been going through "harassment, employment discrimination, psychological torture, etc." ECF No. 12 at 1. Attached to it is a second Declaration, which mirrors the language in the complaint. ECF No. 12-1 at 1 – 2. Next, Plaintiff attached two different "Inmate Request to Staff," one addressed to a staff person in the "R&D Department" and the other to the "Health Department," both seeking assistance in obtaining employment in those departments. See id. at 3 – 4. Finally, Plaintiff attaches a copy of an April 8, 2020 Memorandum for the Inmate Population, from M.D. Carvajal, Director of the BOP, regarding the COVID-19 pandemic. Id. at 5 – 7.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This

includes claims in which the plaintiff has little or no chance of success. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the Plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

### IV. <u>Analysis</u>

**<u>Exhaustion of Administrative Remedies</u>**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). A <u>Bivens</u> action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[4] and is required even when the relief sought is not available. <u>Booth</u>, at 741. Because exhaustion is a prerequisite to

---

[4] <u>Id.</u>

suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *See* Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Woodford, at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[5] An inmate is not deemed to have exhausted his

---

[5] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days . . . If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

6

administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10 - 542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D. Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, *inter alia*, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005). Here, the failure to exhaust is admitted by the plaintiff.[6]

The undersigned acknowledges that despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2nd Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request). Indeed, the Fourth Circuit has held that "an administrative remedy is not considered to

---

[6] However, where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." Custis v. Davis, 2017 U.S. App. LEXIS 5147 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

7

have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Furthermore, a number of courts of appeals have held that prison officials' threats of violence can render administrative remedies unavailable. See, *e.g.*, Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 688 (2nd Cir. 2004). But see Larkin v. Galloway, 266 F.3d 718, 723 - 24 (7th Cir. 2001) (failure to exhaust not excused because plaintiff was afraid of retaliation). For threats or intimidation to render administrative remedies unavailable, they must typically be substantial and serious enough that they would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies. See Turner, 541 F.3d at 1085; Kaba, 458 F.3d at 684-86; Hemphill, 380 F.3d at 688.

Here, the plaintiff freely admits he filed no grievances over his claims.[7] He has made no claim that prison officials prevented him from exhausting his administrative remedies. In fact, the plaintiff claims that there is no grievance procedure at FCI Hazelton, a statement that clearly has no merit. Further, while he did attach copies of 2 grievances, they are unrelated and irrelevant to the issues raised here. See ECF No. 1-1 at 2 – 5. Accordingly, Plaintiff's case must be dismissed. Normally, such a dismissal would be without prejudice. Here, however, because so much time has elapsed, Plaintiff cannot now complete the exhaustion process under the BOP's administrative remedy procedure;[8] therefore, his claims should be dismissed with prejudice. See 28 C.F.R. § 542.10, *et seq*.

---

[7] Plaintiff does, however, go into some detail regarding the claims he exhausted in the now-closed Case No. 1:19cv64 in the Southern District of West Virginia, which have nothing whatsoever to do with the claims raised here. See ECF No. 1 at 6.

[8] The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9),

## V. Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that the Plaintiff's complaint be **DISMISSED with prejudice for failure to exhaust.**

The Plaintiff is hereby **NOTIFIED** that this Report and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas S. Kleeh. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the **Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Report and Recommendation within which to file with the Clerk of this Court specific written objections** identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

**Failure to file written objections as set forth above shall constitute a waiver of** *de novo* **review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is requested to send a copy of this Report and Recommendation to the *pro se* Plaintiff via certified mail, return receipt requested, at his last known address as reflected on the docket.

Date: May 3, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

**within 20 calendar days of the date of the occurrence on which the complaint is based**. See 28 C.F.R. § 542.10, *et seq.* (emphasis added).