**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAZARO QUINONES-CEDENO,**

**Plaintiff,**

**v.**                                    **Civ. Action No. 1:20-CV-48**
                                          **(Judge Kleeh)**

**W. HEALEY, Foreman Cook;
J. HANDLIN, Foreman Cook;
T. THORNE, Foreman Cook;
and R. RECKARD, Compound Officer,**

**Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. ECF No. 18. For the reasons discussed below, the Court adopts the R&R.

**I.    PROCEDURAL HISTORY**

On March 18, 2020, the plaintiff, Lazaro Quinones-Cedeno ("Plaintiff"), filed "Federal Civil Rights Complaint (*Bivens* Action)" pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the "Complaint"). ECF No. 1. The Complaint stems from Plaintiff's alleged retaliatory firing from his job as a cook in the kitchen for the dining room at FCI Hazelton. Id. Plaintiff filed a motion for leave to proceed in forma pauperis which was granted by Court order directing Plaintiff how to proceed with the necessary filing fee. ECF Nos. 2, 3, 4.

Quinones-Cedeno v. W. Healey at al.                          1:20-CV-48

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]

## II.   <u>THE REPORT AND RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the entire action to United States Magistrate Judge Michael J. Aloi. On May 3, 2021, the magistrate judge issued the Report and Recommendation ("R&R") recommending Plaintiff's complaint be dismissed with prejudice because Plaintiff failed to exhaust the administrative remedies under the Administrative Remedy Program (28 C.F.R. § 542.10 <u>et</u> <u>seq.</u>)[1]. ECF No. 18.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on May 7, 2021. ECF No. 19. Plaintiff filed timely objections to the R&R on May 24, 2021. ECF No. 20. Plaintiff thereafter filed "Declaration RE: Employment Discrimination Evidences" [ECF No. 21] and "Objection to Report

---

[1] The Administrative Remedy Program is one program promulgated by the Bureau of Prisons under the United States Department of Justice pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

**Quinones-Cedeno v. W. Healey at al.**                                    **1:20-CV-48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND**
**OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]**

and Recommendation "R&R" to Dismissing Case for Failure to Exhaust"
[ECF NO. 22]. Both documents were filed without leave of court on
June 1, 2021, and June 4, 2021, respectively. Therefore, these
untimely filings were not considered by the Magistrate Judge and
will not be discussed here.  See LR PL 11(d); LR PL 13.

### III. <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review
<u>de novo</u> only the portions to which an objection has been timely
made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,
without explanation, any of the magistrate judge's
recommendations" to which there are no objections. <u>Dellarcirprete</u>
<u>v. Gutierrez</u>, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing
<u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will
uphold portions of a recommendation to which no objection has been
made unless they are clearly erroneous. <u>See</u> <u>Diamond v. Colonial</u>
<u>Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are
so general or conclusory that they fail to direct the district
court to any specific error by the magistrate judge, <u>de novo</u> review
is unnecessary." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 730
(S.D. W. Va. 2009) (emphasis added) (citing <u>Orpiano v. Johnson</u>,
687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection
is made to a portion of a magistrate judge's report-recommendation,

**Quinones-Cedeno v. W. Healey at al.**                    **1:20-CV-48**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND**
**OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]**

the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

## IV.  OBJECTION

Plaintiff filed a four-page document titled "Objection to Report and Recommendation ("R&R") to Dismiss Case for Failure to Exhaust." ECF No. 20. The Court gleans one objection from this filing; specifically, Plaintiff's objection to the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to exhaust the administrative remedies. Plaintiff reiterates much of his argument from his Complaint and cites little

Quinones-Cedeno v. W. Healey at al.                         1:20-CV-48

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]

authority supporting his objection. Id.


## V.   DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection – or an objection too vague – was made.

### A. Objection – Exhaustion of Administrative Remedies

Plaintiff takes issue with the Magistrate Judge's finding that he failed to exhaust his administrative remedies under the "Administrative Remedy Process." ECF No. 20. Specifically, Plaintiff argues in his objection to the R&R that his failure to exhaust the administrative remedies is due to someone, purportedly the defendants, preventing Plaintiff from filing the form to initiate the Administrative Remedy Process pursuant to 28 C.F.R. § 542.10 et seq. Id. He further acknowledges that the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust the Administrative Remedy Program prior to filing a complaint and that the Court may not excuse a failure to exhaust. Id.

The Court adopts the Magistrate Judge's R&R on this issue. Congress enacted the PLRA in 1995 which required that administrative remedies be exhausted prior to a prisoner plaintiff bringing an action pursuant to 42 U.S.C. § 1983 with respect to prison conditions. 42 U.S.C. § 1997e. A Bivens action, like an

Quinones-Cedeno v. W. Healey at al.                          1:20-CV-48

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
### OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]

action under § 1983, is subject to the exhaustion requirement.
Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA exhaustion
requirement requires full and proper exhaustion." Woodford v. Ngo,
548 U.S. 81, 92-94 (2006). Full and proper exhaustion includes
meeting all the time and procedural requirements of the prison
grievance system. Id. at 101-102.

Pursuant to the PLRA, the Bureau of Prisons promulgated 28
C.F.R. § 542.10 et seq., which is the "Administrative Remedy
Program [] to allow an inmate to seek formal review of an issue
relating to any aspect of his/her own confinement," and constitutes
the four-step administrative process required. 28 C.F.R. §
542.10(a). If an inmate is unable to resolve his complaint
informally, he may file a formal written complaint with the
institution on the appropriate form (BP-9) within 20 calendar days
of the date of the occurrence on which the complaint is based. See
28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the
Warden's response may submit an Appeal on the appropriate form
(BP-10) to the appropriate Regional Director within 20 calendar
days of the date the Warden signed the response." 28 C.F.R. §
542.15(a). If the inmate is still not satisfied, he may appeal the
Regional Director's response to the Washington, D.C., Office of
General Counsel, using the appropriate form (BP-11) within 30
calendar days of the date the Regional Director signed the

Quinones-Cedeno v. W. Healey at al.                          1:20-CV-48

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]**

response. Id. Appeal to the General Counsel is the final administrative appeal. See 28 C.F.R. § 542.15(a).

Where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on [administrative] exhaustion grounds so long as the inmate is first given an opportunity to address the issue." Custis v. Davis, 851 F.3d 358 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)).

In Plaintiff's Complaint, he addressed the exhaustion issue outright by marking "No" to the questions, "Is there a prisoner grievance procedure in the institution where the events occurred?" and "Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?" ECF No. 1, Section III, ¶¶ B, C. He explained "why not" in paragraph D: that the Court "erroneously misconstrued" his declarations in an "attempt to initiate four new civil actions." Id. at ¶ D. Later in the Complaint, Plaintiff went on to describe the administrative remedies he exhausted pursuant to another lawsuit previously filed in the Southern District of West Virginia, case number 1:19cv64. ECF No. 1, Section IV, ¶ F. Plaintiff explicitly admits he filed no grievances over his claims raised in the instant matter, while also erroneously arguing that Hazelton offers no grievance procedure.

Quinones-Cedeno v. W. Healey at al.                                    1:20-CV-48

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND
OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]

    While irrelevant here, the record shows that Plaintiff filed
two grievances over matters not at issue to the claims raised in
the Complaint. See Central Office Administrative Remedy Appeal,
ECF No. 1-1 at 2-5. Plaintiff himself attached copies of the
grievances he filed in 2018 while housed at FCI Williamsburg, both
before he filed the instant Complaint regarding allegations
occurring during his time at Hazelton. See id. Plaintiff attached
no grievances that are relevant to the instant claims raised in
the Complaint.

    In reviewing the Magistrate Judge's R&R and this objection,
the Court adopts the R&R on this ground and overrules Plaintiff's
objection. Because Plaintiff has not exhausted his claims, they
must be dismissed.

## VI.  CONCLUSION

    Upon careful review, the Court **ADOPTS** the R&R [ECF No. 18]
and **OVERRULES** Plaintiff's objection [ECF No. 22]. The Plaintiff's
Complaint is **DISMISSED WITH PREJUDICE**.[2] ECF No. 1.

    The Court **ORDERS** that this matter be **STRICKEN** from the Court's
active docket and **DIRECTS** the Clerk to enter a separate judgment
order.

---

[2] As the Magistrate Judge stated, such a dismissal would normally be without
prejudice, but here, because so much time has now elapsed, Plaintiff is time-
barred from finishing the exhaustion process. See 28 C.F.R. § 542.18.

**Quinones-Cedeno v. W. Healey at al.**                                   **1:20-CV-48**

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 18] AND OVERRULING PLAINTIFF'S OBJECTIONS [ECF NO. 22]

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and the <u>pro</u> <u>se</u> Plaintiff, via certified mail, return receipt requested.

**DATED:** June 9, 2021

<u>/s/ Thomas S. Kleeh</u>
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE